ALABAMA & VICKSBURG RAILWAY CO. v. LUCRETIA HOLMES

AND

LUCRETIA HOLMES v. ILLINOIS CENTRAL RAILROAD CO.

| 75 | 371 |
| 76 | 477 |
| 75 | 371 |
| 90 | 805 |
| 75 | 371 |
| 93 | 475 |

1. RAILROADS.   *Duty to passengers.   Error in ticket.   Explanations.*

 The conductor of a passenger train is not justified in ejecting a pas-
senger between stations because of an error in her ticket, if the
passenger's explanation of the error be reasonable and be sub-
stantiated by her baggage check and the way-bill for its trans-
portation, it being a rule of the carrier to check baggage only
upon a proper ticket.

2. SAME.   *Connecting carriers.   Coupon tickets.*

 If two or more railroad companies, by an arrangement between
themselves, authorize the agents of each other to issue coupon
tickets over the route covered by their connecting lines, and such
tickets are honored when no errors are made in them, and by the
terms of such tickets the initial carrier's liability is limited to its

own line, such initial carrier will not be liable to a passenger for a wrongful ejection from the cars on a connecting line because of an error in the ticket issued by its servant.

FROM the-circuit court, first district, of Hinds county.

HON. ROBERT POWELL, Judge.

Plaintiff, Lucretia Holmes, sued the Alabama & Vicksburg Railway Company and the Illinois Central Railroad Company jointly; she recovered a judgment for five hundred dollars against the former company only, the court of original jurisdiction, by its instructions, deciding the latter company not to be liable. The first named company appealed to the supreme court, and the plaintiff appealed to the same court from the judgment discharging the last named company from liability to her.

*Mc Willie & Thompson*, for appellant, the Alabama & Vicksburg Railway Company.

The declaration shows a case in which the Alabama & Vicksburg Railway Company was entirely without fault. Was it the duty of the conductor to transport plaintiff from Jackson to Meridian on a ticket calling for transportation from the former city to Vicksburg? This cannot reasonably be affirmed. A ticket that calls for transportation to another city in a direction opposite to the one in which the train is going is the same as no ticket at all, and the conductor was under a duty to the company he served, to require that plaintiff should either pay her fare or leave the train. A conductor cannot take the word of a passenger that he is entitled to a ticket for the ride in progress, without exposing his company to great imposition. The case of *Railroad Co* v. *Riley*, 68 Miss., 765, which seems to go to the furthest allowable limit in imposing liability upon the carrier, is no warrant for so doing in the present controversy. Here we have a demand upon a connecting carrier for transportation not only in a direction opposite to the station named in the ticket, but to another station on its line twice as far from the junction of the roads as the one named in the

ticket.    The fact that the plaintiff offered to show a check for a trunk to be delivered at Meridian in nowise affects the case. It only called for transportation and delivery of a trunk and not of a person, and may not have been given plaintiff, but to some one else.    She may have found it or borrowed it of some one on the train.    There was no complaint of the manner of plaintiff's ejection from the train.    She was told she could not ride on that train, and the porter assisted her to alight with all due civility.    The regulation that a passenger must either produce a ticket or pay fare is a reasonable one, and, where compliance is refused, it is the duty of the conductor, in order to avoid the gross impositions that would result, to require the party to leave the train.    *Frederick* v. *Railroad Co.*, 37 Mich., 342; *Weaver* v. *R. W. & O. R. R. Co.*, 3 N. Y. Sup. Ct., 270; *Jerome* v. *Smith*, 48 Vt., 230; *Townsend* v. *Railroad Co.*, 56 N. Y., 295; *Railroad Co.* v. *Griffin*, 68 Ill., 499; *Shelton* v. *R. R. Co.*, 29 Ohio St., 214.

The sale of a through ticket over two or more connecting lines of a railroad is not evidence of a joint contract between said roads, whereby one becomes responsible for the default of the other.    *Felder* v. *Columbia, etc., R. R. Co.*, 27 Am. & Eng. R. R. Cas., 264, s. c. 21 So. Car., 35.

There can be no doubt about the liability of the Illinois Central Railroad Company under the declaration in the present case.    The negligent ticket agent who made the mistake was its servant, and the mistake was made on its line.    41 Hun (N. Y.) Sup. Ct. Rep., 448.    A company which sells and issues tickets to passengers over its own line of road and over lines of road of other companies (known as through tickets), is liable for the safe transportation of such passengers to the point of destination, notwithstanding there may be indorsed or printed on the tickets so sold and issued a notice that the company issuing and selling such tickets shall not be liable except as to its own line.    *Central R. R. Co.* v. *Combs*, 18 Am. & Eng. R. R. Cas., 298, s. c. 70 Ga., 533, s. c. 48 Am.

Rep., 582. The obligation of one carrier to honor tickets over its road, sold by a connecting carrier, is founded altogether upon arrangement or contract between the companies. In the absence of such arrangement, there is no obligation on the part of either company to honor tickets issued by the other. *Oregon S. L. & R. Co.* v. *Northern Pac. R. R. Co.*, 51 Am. & Eng. R. R. Cas., 145; 51 Fed. Rep., 463. A company selling tickets over a road extending beyond its terminus, is·liable for the failure of the connecting carrier to transport the passenger, when the cause of the failure was the negligence of the agent of the initial carrier in not properly stamping the through ticket. *Griffin* v. *Utica, etc., R. R. Co.*, 41 Hun (N. Y.), 448; 3 N. Y. Sup. Ct. Rep., 155. A company that contracts to carry passengers and their baggage beyond the terminus of its own road, is liable for losses occurring on any part of the route. *Weed* v. *Saratoga & S. R. Co.*, 19 Wend. (N. Y.), 534 (distinguished in *Van Santvoord* v. *St. John*, 6 Hill (N. Y.), 157); *Reed* v. *U. S. Express Co.*, 48 N. Y., 462; *Naslind Lock Co.* v. *Worcester, etc., R. Co.*, 29 Barb. (N. Y.), 35; *Gray* v. *Jackson*, 51 N. H., 9; *Dillon* v. *New York & E. R. Co.*, 1 Hill (N. Y.), 251; *Green* v. *N. Y. C. R. Co.*, 12 Abb. Pr., N. S. (N. Y.), 479; *Farmers' & M. Bank* v. *Champlain Transportation Co.*, 23 Vt., 186; *Perkins* v. *Portland, etc., R. Co.*, 47 Me., 573; *Washington* v. *Raleigh, etc., R. Co.*, 37 Am. & Eng. R. Cas., 25; 101 N. C., 239; 1 L. R., 890; 7 S. E. R., 789 (quoting *Quinby* v. *Vanderbilt*, 17 N. Y., 306); *Thomas* v. *Rhymmey R. Co.*, L. R., Q. B., 226; 40 L. J., Q. B., 89; 19 W. R., 477; 24 L. T., 145; *Thomas* v. *Rhymmey R. Co.*, L. R. 5 Q. B., 226; 39 L. J., Q. B., 226; 22 L. T., 297; 18 W. R., 668; *Wright* v. *Midland R. Co.*, L. R., 8 Ex., 137; 42 L. J. Ex., 89; 29 L. T., 436; 21 W. R., 460; *Great Western R. C.* v. *Blaeke*, 7 H. & N., 967; 8 Jur. N. S., 1013; 31 L. J. Ex., 346; 10 W. R., 388; *Wright* v. *Midland R. Co., supra* (followed in *Benton* v. *N. E. R. Co.*, L. R., 3 Q. B., 549); 37 L. J.

Q. B., 258; 18 L. T., 793; 16 W. E., 1124; 9 B. & S., 824; *Thomas* v. *Rhymmey R. Co.*, *supra*.

The agent at Summit, who made the mistake that led to plaintiff's trouble, was the servant of the Illinois Central Railroad Company. That company alone directed and controlled him, and had the right to remove him for incompetency or misconduct. It prescribed his duties, and should have afforded him the time and facilities necessary to their discharge. It did neither of these things. Gracey, the agent, testified that he had the work of both the freight and ticket offices to attend to, and that the mistake was attributable to his hurry and the number of duties devolving upon him at the time. He also stated that his company had not, until after the occurrence in question, furnished him with the necessary instrument to punch tickets on giving baggage checks. So that by reason of the default and omission of the Illinois Central Railroad Company, and its servant, the plaintiff was started off on her journey under the prejudicial conditions that resulted in her mishap, and that the Illinois Central Company knew would so result, for the rule to require passengers to produce their tickets or pay their fare is a universal, as well as a reasonable, regulation, and must have entered into the contemplation of that company when issuing the ticket.

It must at once strike every mind not misled by purely technical reasoning that the carrier responsible for the mistake should be the one subjected to liability for what resulted from it. At all events, it would seem that where both carriers are before the court, and both able to respond in damages, the court should not, by its instructions, select the unoffending party to the transaction as the one to bear the burden of it. There was no express contract between the two companies in relation to through tickets, but by the prevailing custom each was bound to honor the through tickets issued by the other according to the calls of the same. In other words, where an agent of the Illinois Central Railroad Company issued a through ticket to a

point on the line of the Alabama & Vicksburg Railway Company, the latter, through its conductor, is bound, on presentation of the ticket, to honor it according to its calls, its obligation being the same, so far as relates to the holder's right to transportation according to the calls of the ticket, as if its own servant had issued the ticket; but nothing can be more preposterous than to contend that in what transpires previous to or at the time of issuing the ticket detrimental to the purchaser, the Illinois Central Railroad Company's employe is the agent of the Alabama & Vicksburg Railway Company.

A few illustrations will readily disclose the folly of such a theory. Suppose, in and about the sale of the ticket, the agent at Summit had insulted and maltreated the purchaser after the fashion that Richberger was treated by the agent of the American Express Company in the case reported in 73 Miss., could it be pretended that the Alabama & Vicksburg Railway Company would be liable in damages on account thereof? Or, again, suppose that although the purchaser had called for a ticket to Meridian, the agent gave her one to a point on some other line than that of the Alabama & Vicksburg Railway, say Yazoo City, with what reason could it be urged that the Alabama & Vicksburg Railway Company was liable for the damages resulting from such mistake? And yet how little, if any, difference would there be between such a case and the one under consideration? The truth is, plaintiff, in the purchase of the ticket, did not deal with the Alabama & Vicksburg Railway Company; she dealt solely with the Illinois Central Railroad Company; she sought, by a contract with the Illinois Central Railroad Company, to place herself within the terms of the understanding between the two companies, so as to entitle her to be carried by the Alabama & Vicksburg Railway Company to Meridian. She failed, because of the wrong of the Illinois Central Railroad Company, to be placed in position to demand such carriage by the Alabama & Vicksburg Railway Company,

and she is therefore, as concerns such carriage, a stranger to the Alabama & Vicksburg Railway Company.

A ticket is not a contract of itself, as between the passenger and the conductor, but only the evidence of the bearer's right of passage. 5 L. R. A., 818, notes. As between them, the ticket is conclusive evidence of the passenger's right to travel, and he must produce it when called on. Conductors are not required to correct the mistakes made by ticket agents. *Ib.;* 17 *Ib.*, 800, 802. A company selling a through ticket over other roads is liable for the mistake of its agent in omitting to stamp the place of destination. *Ib.* The ticket, when it purports to show the complete agreement between the carrier and passenger is conclusive as to the latter's right of travel. This is no new doctrine in this court. Indeed, it was the very railroad company now disputing the proposition that relied upon and provoked its announcement. *Howard* v. *Railroad Co.*, 61 Miss., 194. The case of *Railroad Co.* v. *Riley*, 68 Miss., 765, relied on by our adversaries, in nowise conflicts with the earlier decision cited. In that case, it was held where one purchased a round trip ticket, and the outgoing conductor by mistake took up the wrong end of it, or the return coupon, the passenger was, nevertheless, entitled to transportation on the part he retained. In that case, it will be observed that the passenger had obtained a proper ticket entitling him to transportation both going and returning; the ticket evidenced the complete agreement before the outgoing conductor improperly dealt with it, and the wrong of the first conductor did not deprive the passenger of any right.

The instructions of which the appellant complains impose liability upon it whether the appellee was required to leave the train at one of its depots in Jackson or in the woods east of Pearl river, and the case must therefore be considered, on appeal, as if there was no controversy about the appellee's being put off in Jackson, the point where her transportation over appellant's line was to begin.

*Miller & Baskin* and *Brame & Alexander*, for appellee and cross appellant, Lucretia Holmes.

Our position is now a peculiarly fortunate one, at least for counsel for plaintiff, since we have interpleaded, so to speak, the two wrongdoers and set them at each other's throats, with the result that the able counsel for the Illinois Central Railroad have assumed the task of showing the liability of the Alabama & Vicksburg Railway Company. We thank them for their disinterested services in this behalf. For years the Illinois Central Railroad Company and the Alabama & Vicksburg Railway Company had been accustomed to sell coupon tickets, good over both roads. Gracey, the agent at Summit, had been accustomed, for many years, to sell coupon tickets good to points on the Alabama & Vicksburg Railway, and these tickets were always honored. The conductor says he would have honored Mrs. Holmes' ticket if it had read to Meridian. The form of ticket in question was the only one in use for this purpose, and was supplied to Gracey, who had full authority to sell them. The Alabama & Vicksburg Railway Company received its proportion of the price of such tickets, and that it gave full authority to Gracey to act for it is shown by the fact that this was the only form of ticket in use to points on this line, and these tickets were constantly used in the settlements, after being taken up, and by the fact that the tickets, on their face, provided that they are via the Queen & Crescent route. Gracey also had full authority, and it was his duty, to issue with the ticket a check for baggage. He so testifies, and the ticket itself recites that the Illinois Central Railroad Company, in selling the ticket and checking the baggage, acts as agent, and is not responsible beyond its own line. Counsel for appellant makes the mistake of assuming that our position is that Gracey directly represented the Alabama & Vicksburg Company. The fact is, as shown by the ticket and proof, the Illinois Central Railroad Company acted as agent for the Alabama & Vicksburg Railway Company, and in this view it is immaterial to whom

Gracey was immediately responsible.   If the Alabama & Vicks-
burg Railway defends on the ground that it made no mistake,
our answer is that the Illinois Central, its agent, made the mis-
take, and the liability of the Alabama & Vicksburg Railway
Company is the same.   Its liability is the same whether it was
represented immediately by Gracey or by the Illinois Central
Company, acting through Gracey.   It is not contended by ad-
verse counsel that plaintiff was anywhere or in any manner
guilty of fault or negligence.   She could not read, and even if
she could she was under no duty to read the ticket; having
asked for a ticket to Meridian, and paid therefor and received
the ticket, she had a right to assume that it properly evidenced
the contract.   *Railway Co.* v. *Drummond*, 73 Miss., 813.   It
must be observed that the price she paid was the full fare to
Meridian.   The ticket was a first-class, full fare, ticket.   In
such case the ticket is universally held not to be the contract,
but merely a token or memorandum of it.   Hutch. on Carriers,
sec. 580.

We do not care to follow counsel for appellant through their
wilderness of authorities, all of which lead us to propositions
which have not been disputed and are not now questioned.  Many
of them touch on the question of the liability of the Illinois
Central Railroad Company as the initial carrier, and the ques-
tion whether it became liable on a contract for through passage.
We care nothing for this.   What we claim is that the Alabama
& Vicksburg Railway Company was not only guilty of a viola-
tion of its contract, but of a tort, in ejecting plaintiff.   If it,
after paying us our damage, has any recourse against the Illi-
nois Central Railroad Company, growing out of a traffic agree-
ment or custom, this is not a matter of concern on this appeal.
This case is controlled, in its essential features, by the case of
*Kansas City R. R. Co.* v. *Riley*, 68 Miss., 765.   The argument
here pressed by appellant was pressed in that case in behalf of
the railroad company, and many of the authorities here cited
were cited in that case, but it was held that the ticket is not

conclusive evidence of the extent of the passenger's right to travel, and that it was the duty of the conductor to accept the explanation of the passenger, it being reasonable and probable. The same principle is recognized in *Railway Co.* v. *Drummons,* 73 Miss., 813; and the rule is announced as the settled law in Hutch. on Carriers, sec. 580, pp. 682–684, and cases there cited. This duty of the conductor to accept a reasonable explanation of the passenger was the controlling principle in *Wightman* v. *Railway Co.*, 73 Wis., 169, and *Pa. Co.* v. *Bray,* 125 Ind., 229, which held that though coupons have been separated by accident, they must be accepted if both parts are presented together. Hutch. on Carriers, sec. 580c.

In the note to 25 Am. & Eng. Enc. L., 1077, and the cases cited, it is announced that the better doctrine, and the one which has the support of more recent decisions, is that the conductor is bound to hear and act on a reasonable explanation by the passenger. It will be seen that the authorities cited by us and by the text-books, in support of this rule, are from the very states whose decisions are relied on by the appellant in support of their propositions. Our research has disclosed no case where a passenger was held to have been rightly ejected where his statement as to a mistake in the ticket was fully corroborated by other evidence, especially such indisputable facts as there are in this case. Let us see what that corroborating evidence is. The conductor could hardly have supposed that a decrepit, enfeebled colored woman would be taking the risk of beating her way on the train. When asked for her ticket she promptly presented it, and manifested great surprise when told that it did not read to Meridian. She told the conductor the name of the agent from whom she bought it, an agent who had been for more than a score of years in the service of the Illinois Central Company; she told him what she had paid for it; she told him her name, and asked him if he did not know her son, who was a practicing physician in Meridian, and he said he did; she then told him that she had the check for her trunk. This, if examined, would

have conclusively settled the whole question.    All the conductor
would have had to do would have been to step forward and see
if the trunk was in the baggage car and compare her check
with the check on the trunk and with the waybill.    It comes
with ill grace for the appellant to question the force of this
corroborating testimony, since its conductor swore he did not
make the examination of the check, and that, even if he had,
and had found the trunk and waybill, he would, nevertheless,
have ejected the plaintiff.    To use his own language: ''She
would have had to step down and out, no matter what the way-
bill showed.''

The only contention of the appellant which touches the case,
as we conceive it, is that the Alabama & Vicksburg Railroad
Company was bound, not by the real contract, but by the calls
of the ticket.    The authorities cited, however, negative this
proposition.    This whole matter is set at rest by the authorities,
which settle the proposition that the first carrier in selling the
ticket is the agent of the connecting carrier, which is bound as
if the ticket had been sold at its own office.    Hutchinson on
Carriers, sec. 578; *Knight* v. *Railway Co.*, 56 Me., 234; *Pa.
Ry. Co.* v. *Connell*, 112 Ill., 295; *Young* v. *Ry. Co.*, 115 Pa.,
112.    The very fact that the Alabama & Vicksburg Company
suffered this form of ticket to be sold, reciting that the Illinois
Central Company was not liable beyond its line, shows that the
Alabama & Vicksburg Company assumed exclusive responsi-
bility on its own line.    On this subject, see 25 Am. & Eng.
Enc. L., 1086.

We get a new view of this question by supposing the mistake
to have been in favor of the Alabama & Vicksburg Company
instead of against it.    Suppose the ticket, instead of reading to
Meridian, had read to a point on the Alabama & Vicksburg
Company's road beyond Meridian.    Would the Alabama &
Vicksburg Company, if it had knowledge of this fact, or of
corroborating evidence of the mistake, have been bound to
ignore such evidence and carry plaintiff to a point beyond her

real destination to which she had, in fact, contracted for passage? Suppose she had asked for a ticket from Summit to Brandon, and the agent, Gracey, had discovered that he had written the ticket to Meridian, and had wired the conductor of the Alabama & Vicksburg Company to that effect, and the conductor had verified this fact by seeing that her trunk was checked only to Brandon, would the Alabama & Vicksburg Company, in that case, be liable, according to the calls of the ticket, to carry plaintiff to Meridian? If the railroad company is bound only by the calls of the ticket, and not by the real contract, then the case of *Memphis, etc., Railroad Co.* v. *Chastine,* 54 Miss., 504, was erroneously decided. In that case a passenger had purchased his ticket with counterfeit money, the ticket was all right, but the conductor, being apprised by wire of the mistake, was held to have properly ejected the person from the train.

*Mayes & Harris,* for appellee, the Illinois Central Railroad Company.

It is well settled that a railroad company may limit its liability to its own line by special contract. 81 Cal., 249, and cases cited; 2 Texas Civil App., 436, and cases cited; 68 Miss., 14; 51 Miss., 222. We have a case here in which it is shown, by the contract and other uncontradicted evidence, that the carrier selling the ticket was acting as agent for the connecting carrier, and the face of the ticket limited its liability to its own line; and, further, that this ticket had been accepted by the connecting carrier, necessarily recognizing the agency and the limitations, under a custom existing for years. Of course, the Alabama & Vicksburg Company cannot, in this action, claim that the Illinois Central Company, in the sale of the ticket, was acting otherwise than as its agent; nor can the Alabama & Vicksburg Company, under the arrangement shown to exist between the two companies, successfully contend that the Illinois Central Company's liability is not limited to its own line. Our contention is, that being the agent, and recognized

as such, of the Alabama & Vicksburg Company, and the principal being disclosed, it is improper to join the agent in this action, whatever may be the liability of the agent to the principal on account of a mistake made in the sale of the ticket. It cannot be that two railroad companies can adopt and act for years under an arrangement, and then claim that they are not bound by it as between themselves, whatever might be the rights of the public in the premises. The attempt on the part of the counsel for the Alabama & Vicksburg Company is to show that the Illinois Central is liable; but so far as the Alabama & Vicksburg Company is concerned that is immaterial, as the Alabama & Vicksburg Company is unquestionably liable under all the authorities, and under the very cases which have been cited in the brief of counsel for that company. It may be, though we do not concede it to be so, that the Alabama & Vicksburg Company might have a cause of action against the Illinois Central Company, but that does not in any way relieve the Alabama & Vicksburg Company from liability. It is admitted that the trespass complained of in this case was committed on the Alabama & Vicksburg Railway, by the agents of that company, over whom the Illinois Central Company had no sort of control; and it is further admitted that the Illinois Central Company had no sort of control over the transportation of the plaintiff on the Alabama & Vicksburg road, and had no interest in that railway or in the price of the transportation of the plaintiff over that line.

We now propose to show that under what we feel justified in saying is the settled rule in this country, under the peculiar facts in this case, the Illinois Central Company is not liable to the plaintiff. In this connection we call the court's attention again to the ticket which is filed as an exhibit with the plea of the Illinois Central Company. The first stipulation printed upon the face of that ticket is, as above stated, in these words: "In selling this ticket and checking baggage thereon, this company acts as agent, and is not responsible beyond its own line."

This particular stipulation has been the subject of discussion in the courts of various states, and they have all held, so far as we find, with but one exception, that this stipulation is valid, and that on such tickets, the company selling the ticket is the agent of the connecting carrier, and that each coupon entitling the holder to ride on the connecting line must be treated as if it was a ticket sold by the agent of the connecting line at its own depot, and that the limitation restricting the liability to injuries occurring on its own line is a valid one as to the carrier selling the ticket. Touching this point, we quote the following from 25 Am. & Eng. Enc. L., p. 1086. Speaking of coupon tickets, etc., the author says: "But the doctrine founded in reason, and best supported by authority in this country, is that in the absence of contract making it responsible, the carrier in selling the ticket acts merely as the agent for the other line, and there is no extra terminal liability, the rights of the passengers, and the duties and responsibilities of the several companies over whose road he is entitled to passage, being the same as if he had purchased a ticket at the office of each company constituting their line." Redfield on Railways, 6 ed., par. 102, has the following: "As the general duty of common carriers of passengers is different from that of common carriers of goods, so the implied contract resulting from the sale of through tickets for passengers is different. In cases of the carriers of goods and the baggage of passengers, we have seen that taking pay and giving tickets or checks through binds the first company ordinarily for the entire route. But in regard to carrying passengers the rule is different, we apprehend. These through tickets in the form of coupons, which are purchased of the first company, and which entitle the person holding them to pass over successive routes with ordinary passenger baggage, sometimes for thousands of miles in this country, import commonly no contract with the first company to carry the person beyond their own lines. They are to be regarded as distinct tickets for each road, sold by the first company as agent for

the others, so far as the passenger is concerned.'' 2 Wood's
Railway Law, 418; Hutchinson on Carriers, par. 578; 2 Beach
on Law of Railroads, par. 1006. In *Young* v. *Pa. R. R. Co.*,
115 Pa. St., 112, we have the identical case which we have at
bar, a case in which the ticket in all respects corresponding to
the one in this case, is set forth in the report; a ticket contain-
ing on its face the exact stipulation contained on the ticket in
the case at bar. In that case the court held that the coupons
were to be regarded as distinct tickets for each road, sold by
the first company as agent for the others so far as the passenger
is concerned, and when a passenger has purchased such ticket
in good faith from the agent acting in the scope of his employ-
ment, it is the duty of the several companies named therein to
honor it until its use expires by its own limitation. 105 Pa.
St., 142; 45 Pa. St., 208.

In the case of *Railroad Co.* v. *Looney*, 85 Texas, 158, at page
165 the court says: ''As the ticket upon which the plaintiff trav-
eled in this case contained the stipulation that in selling this ticket
and the coupons over connecting lines, the Louisville & Nashville
Railroad Company acts only as agent, and is not responsible
beyond its own lines, we are relieved of the difficulty presented
in the consideration of a case where separate coupon tickets are
sold without such limitations. But Mr. Hutchinson, in his work
on Carriers, says: 'It is well settled that one passenger carrier
may sell his own, and at the same time, the ticket of connecting
carriers, entitling the passenger to through transportation to his
destination over all the lines, and may receive the fare for the
whole distance, without being responsible for the passenger's
carriage beyond its own line; and, in fact, where nothing else
appears in the transaction, this will be the legal construction put
upon it.' Each coupon is a separate contract, voucher or token
of the respective connecting carriers, and the selling carrier is
agent of the several lines in selling them.'' 84 Texas, 352; 74
*Ib.*, 534; 9 Heis. (Tenn.), 852; 22 Conn., 1; 56 Me., 240; 112
Ill., 295; 53 N. Y., 363; 81 Cal., 248; 66 *Ib.*, 191; 26 Ala.,

733; 2 E. D. Smith (N. Y.), 184.   We feel safe in saying that it is settled in the United States, whatever may be the doctrine in England, that under the facts disclosed by this record, the Illinois Central Company was simply the agent of the Alabama & Vicksburg Company, and as it was the agent, the Alabama & Vicksburg Company being the principal, the Alabama & Vicksburg Company was the company to be sued, and the court below was right in holding that the Illinois Central Company was not liable in this action.   It is an elementary rule that the principal, and not the agent, is the party to be sued.

The act of the agents and servants of the Alabama & Vicksburg Company was the proximate cause of the injury, and not the mistake of the agent at Summit..  That was certainly the remote cause of the injury.   It could not follow necessarily or naturally, as a result of this mistake, that the plaintiff would be subjected to a wrongful ejection from the train; and that she was wrongfully ejected we must take as having been settled in this case by the verdict of the jury.   It was certainly the duty of the conductor, upon the explanation made by the plaintiff, and her exhibiting evidence corroborative of her statement, to have made inquiry and to have carried her according to the actual contract, and not subject her to expulsion from the train on account of a mistake for which she was in no way responsible.   In the case of *Railroad Co.* v. *Rather*, 3 Texas Civil Appeal, 92, being a case in which a mistake was made by the carrier selling the ticket, the court said: "A passenger upon a railroad train without a ticket cannot be treated as a trespasser by the conductor, if the passenger was upon the train by mistake of the servants of the railway, or if there was a mistake in the ticket given him, calling for a route different from the one contracted for with the ticket agent.   Besides, the passenger contracting for passage to a given point and paying for the carriage, has a right to stand upon his contract as it was really made with the ticket agent.   If the carrier, by mistake, fails to deliver what the passenger purchased, or fails to furnish the

passenger with a ticket evidencing his right, secured by the contract as orally entered into, it must correct the mistake, and grant the passenger the right purchased." 68 Miss., 765.

Now, it must be borne in mind that, under the authorities we have above cited, the agent who made this mistake in the case at bar, was the agent of the Alabama & Vicksburg Company, and it was the duty of the Alabama & Vicksburg Company to rectify that mistake, and if any mistake was made, it was the mistake of its agent, and it must be responsible, as principal, for the act of its agent. 77 Ga., 673, is another case bearing a very marked resemblance to the one at bar. In that case the plaintiff called for a ticket between two points named on a railroad, paid for and received from the agent a ticket which entitled him not to ride to the point he desired, but in an opposite direction, and he was ejected. It was held he was entitled to recover damages, and if the ejection was accompanied by aggravating circumstances, he was entitled to recover punitive damages.

The difficulty with counsel for the Alabama & Vicksburg Company is that in considering this case they leave out of view the settled point, and that is, that the Illinois Central Company was the agent of the Alabama & Vicksburg Company in the sale of the coupon ticket over its line, whether he sold it to Meridian or to Vicksburg. Whether the Alabama & Vicksburg Company may have an action over against the Illinois Central Company, as its agent, is a question to be hereafter considered should a suit arise between the two roads. But it is perfectly manifest that such being the case, the Illinois Central Company, as the agent, would be entitled to a defense as against the Alabama & Vicksburg Company, which cannot be set up in this case.

There is another aspect of this case we wish to present, which we think makes it conclusive that the judgment of the court below was right in holding that the Illinois Central Company was not liable in this action. This is purely an action of tort. It is a suit for the wrongful ejection and expulsion of the plaintiff

from the train on the Alabama & Vicksburg road.    It is shown that this tort was committed by the agents of the Alabama & Vicksburg Company, over whom the Illinois Central Company had no sort of control.

Argued orally by *T. A. Mc Willie*, for the appellant, the Alabama & Vicksburg Railway Company, and by *J. B. Harris*, for the appellee, the Illinois Central Railroad Company.

TERRAL, J., delivered the opinion of the court.

Lucretia Holmes sued the Alabama & Vicksburg Railway Company and the Illinois Central Railroad Company, seeking to recover of said companies damages for wrongfully ejecting her from the train of the former company.    Being at Summit, on the line of the Illinois Central Railroad Company, and desiring to go to Meridian, on the line of the Alabama & Vicksburg Railway Company, she applied for a ticket to Meridian. The agent at Summit received the regular fare of a ticket to Meridian, and intended to issue to her a ticket to Meridian, but by mistake issued and delivered to her a ticket to Vicksburg. By an arrangement between said companies of long standing, the agents of each company had issued coupon tickets over the initial and connecting lines, which had been uniformly honored by the connecting line, and the conductor of the Alabama & Vicksburg Railway Company would have honored in this instance the ticket of Lucretia Holmes if it had been issued for Meridian. The plaintiff is an unlettered woman, and not suspecting any mistake, she did not discover the mistake until her ticket was presented to the conductor of the Alabama & Vicksburg Railway Company for passage to Meridian.    The plaintiff at Summit had her trunk checked to Meridian, and she received a check therefor which showed that her trunk was to be carried to Meridian, and it appeared that her trunk was duly entered upon the way-bill of the company for Meridian.    It was in evidence that when compelled to leave the train she had in her possession

her trunk check, that her trunk was in the baggage car marked
for Meridian, that the way-bill of it in the hands of the
baggage master showed its destination to be Meridian,
and it was also in proof that the companies only checked
baggage upon presentation of a ticket by the passenger.
Shortly after boarding the train of the Alabama & Vicksburg
Railway Company at Jackson, the connecting point, for Me-
ridian, the conductor required her ticket for her passage, and
upon looking at it informed her that it was for Vicksburg, and
that she could not proceed to Meridian.   The ticket on its face
showed where and by whom it was issued, and she explained to
him how the mistake happened, as she supposed, through the
mistake of Gracey, the agent at Summit; told him she could
not read, had no money, and was sick, and asked him to look
at her check, ready to be produced, and told him her trunk was
on the train, she reckoned.   The conductor, without looking at
her trunk check, or any examination of the way-bill of it,
ejected her from the train, as she says, in Pearl river swamp,
and in consequence, and by reason of her ill health and subse-
quent sickness therefrom, she suffered, as she alleged, the dam-
ages ($500) awarded her, and introduced evidence tending to
support her contention.   By the rulings of the circuit court the
Illinois Central Railroad Company was discharged from liability,
and the plaintiff recovered a verdict against the Alabama &
Vicksburg Railroad Company.

We are of the opinion that the rulings of the circuit court
are correct.   They are supported by *Railroad Co.* v. *Riley*,
68 Miss. Rep., 765.   It was shown that no baggage is checked
unless upon a ticket presented, and the check and way-bill, if
examined, would have shown to the conductor that there was a
mistake, and these facts very strongly supported plaintiff's ex-
planation of the matter; and they cast upon the company the
responsibility of taking the consequences of a wrong action.

*The judgment of the circuit court is affirmed.*