## W. H. WILLIAMS v. SOUTHERN RY. CO.

[64 South. 969.]

CARRIERS.  *Action for wrongful ejection.  Exemplary damages.*

Where plaintiff owned a railroad mileage book and there was a stipulation on the back of the book under the heading "Instructions to Conductors" that, "Any ticket issued by an agent in exchange for coupons detached from the ticket will be honored only when presented in connection with this ticket.  Holder must identify himself as the original purchaser of this ticket to your entire satisfaction."  And a further stipulation that a passenger should exchange the mileage for a ticket, and in exchanging the mileage remaining in the book for a ticket, the book was retained by the ticket agent of defendant, who did not explain that its production with the ticket was necessary, and plaintiff had never ·before been called upon to produce the book and did not know its production was necessary, and the train auditor refused to accept the ticket from plaintiff without the book, and ejected plaintiff from the train, although the facts were explained to him and plaintiff was identified to the satisfaction of the conductor.  In such case the conduct of the ·auditor was arbitrary, willful, and oppressive, evincing an utter disregard of plaintiff's rights and made a proper case for the infliction of exemplary damages.

APPEAL from the circuit court of Alcorn county.
HON. J. H. MITCHELL, Judge.

Suit by W. A. Williams against the Southern Railway Company.  From a judgment for plaintiff for an insufficient amount, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*E. C. Sharp* and *Thos. H. Johnston,* for appellant.

The only question presented by the record in this case for the consideration of the court, is whether or not, under the facts of this case, which are undisputed, a case was presented in which punitive damages might properly

have been awarded. If so, the trial court erred in giving instruction number 4 at the request of appellee; and in refusing to give the instruction number 3, as requested by appellant.

The undisputed evidence in this case shows, that appellant was the owner of a certain interchangeable mileage book, the coupons of which were good for an exchange mileage ticket, mile for mile, over appellee's road; that appellant exchanged his mileage at Tuscumbia, Alabama, for a ticket to Corinth, Mississippi. This exhausted the mileage in his book, as the distance from Tuscumbia to Corinth, fifty-two miles, was exactly the number of coupons left in his book. The agent at Tuscumbia pulled this mileage and issued and handed the appellant an interchangeable mileage ticket good on its face for transportation from Tuscumbia to Corinth, but retained the mileage book cover, not giving the same to appellant when he handed him the ticket. Appellant not knowing at the time that it was necessary for him to have the mileage book cover to make his exchange ticket good on appellee's train, although one of the numerous provisions on the mileage book cover provided that such was the case, did not request a return of the mileage book cover, nor did he demand the same of the agent, for the reason, as he says, that he did not know that it was necessary, as he had never been called upon before to show his mileage book when riding on such a ticket.

When the auditor came through the train taking up tickets, appellant tendered him his mileage exchange ticket, the auditor demanded to see his mileage book cover; when appellant explained to him the circumstances, and told him that the ticket agent at Tuscumbia had kept the cover of his mileage book, the auditor handed the ticket back to him, and told him that he would have him put off the train.

Appellant's explanation, without more, was a reasonable one, and the ticket which he held, reading from Tus-

cumbia to Corinth, with the day of that date on the back of the same, was a mute but powerful witness of the truth of appellant's explanation, and it was the duty of the auditor to have accepted such explanation, and to have treated appellant as a passenger, until he ascertained the truth or falsity of such statements. *Hufford* v. *Grand Rapids R. R. Co.* (Mich.), 8 Am. St. Rep. 859; *Georgia R. R. & Banking Co.* v. *Dougherty*, 22 Am. St. Rep. 499; *K. C. M. B. R. R. Co.* v. *Riley*, 68 Miss. 765; *Railroad Company* v. *Holmes*, 75 Miss. 371; *Railroad Company* v. *Harper*, 83 Miss. 560; *Smith* v. *Railroad Company*, 85 Miss. 349; *I. C. R. R. Co.* v. *Gortikov*, 90 Miss. 787; *I. C. R. R. Co.* v. *Reid*, 93 Miss. 458.

*Lamb & Warriner*, for appellee.

The only question presented to the court, is whether or not, the appellant is entitled to recover punitive damages in this case. The trial court held that he was not entitled to recover punitive damages, and in this we think he was correct.

There is no fixed rule governing the recovery of punitive damages, but each case must stand or fall on the facts surrounding the particular case. *R. R. Co.* v. *Hardic*, 100 Miss. 154.

"The theory of the law authorizing imposition of punitive damages is wholly outside of individual consideration. Such damage is allowed for the public good and for the purpose of detering others from like offenses. Such damage is allowed in cases of malice, willfulness, insult, fraud, oppression, gross negligence and the like." *R. R. Co.* v. *Hardie*, 100 Miss. 146.

We submit to the court that the rule laid down above being the guide in such matters, we do not think there can be any question about the ruling of the lower court being correct.

Where there is no testimony warranting the submission of the question of punitive damages to the jury, the

court should refuse all instructions on that line. *Railroad Co.* v. *Hardie,* 100 Miss. 166; *Railroad Co.* v. *Smith,* 82 Miss. 656; *Railroad Co.* v. *Scurr,* 59 Miss. 456. The only testimony offered in this case was that of the appellant himself, so there is no dispute about the facts of the case.

The cause of appellant's contention in this case was brought about by his own neglect, which was substantially as follows: The appellant owned an interchangeable mileage book, and the contract under which these mileage books are sold, so stipulates that the mileage contained in these books can be exchanged for tickets at the stations or on the line of railway and the tickets will be good on the train when accompanied with the mileage book which had been given in exchange for the tickets.

The appellant desired to come from Tuscumbia, Alabama, to Corinth, Mississippi, and had just enough mileage to exchange for a ticket to Corinth. Either by his own fault, or the fault of the agent at Tuscumbia, the appellant left the cover of his mileage book, all the mileage having been used in procuring his ticket, at Tuscumbia, and boarded the train without having the cover of his mileage book. When called on for his ticket he tendered the same to the conductor or auditor; when he was asked to show his mileage book and not being able to do so, he was put off of the train, as his ticket was not good without the mileage cover book and he refused to pay his fare.

He does not claim in his testimony that there was any insult or anything out of the ordinary.

We respectfully submit to the court that the appellant is not entitled to recover the amount of fifty dollars which he got judgment for and we do not think that he ought to complain for not receiving more.

REED, J., delivered the opinion of the court.

The refusal by the trial court to grant appellant an instruction authorizing the jury to assess punitive dam-

ages is assigned as error in this case. This is the sole question for our consideration in this appeal.

Appellant owned an interchangeable mileage book. He desired to go from Tuscumbia, Alabama, to Corinth, Mississippi. The coupons remianing in his book were fifty-two miles, the distance between the two cities. Complying with the requirements of appellee company, he exchanged his mileage for a ticket. When the agent issued the ticket, he kept the mileage book cover, as all the coupons had been used.

There is a stipulation on the back of the mileage book, under the heading, "Instructions to Conductors," which is: "Any ticket issued by an agent in exchange for coupons detached from this ticket will be honored only when presented in connection with this ticket. Holder must identify himself or herself as the original purchaser of this ticket to your entire satisfaction." Appellant did not know that it was necessary for him to have the mileage book cover to present to the conductor with his exchange ticket. He states that he had never been called upon to present the book in connection with an exchange ticket.

Shortly after the train, on which appellant had taken passage, left Tuscumbia, a train auditor came to him for his ticket. When he presented the ticket, the auditor demanded the mileage book. Thereupon appellant explained to the auditor that the agent of appellee company at Tuscumbia had retained the book cover when the exchange ticket was issued; that all coupons had been used therefrom. The auditor would not accept the ticket, and said that he would put appellant off the train.

Appellant was recognized by a friend, who spoke to the conductor about the matter. The conductor was willing to accept the friend's statement that appellant "was all right," and said, "If you know Mr. Williams is all right, I know you, and we will proceed." The auditor would not agree to this, and said, "No; we will put him off."

At Cherokee, Alabama, the train was stopped, and the auditor and conductor took appellant by the arms and put him off the train. No insulting language was used. The jury returned a verdict in favor of appellant for fifty dollars.

It will be seen that the train officer would not accept the excuse offered by appellant for failure to produce the mileage book cover. Appellant's explanation was reasonable. He had a ticket duly issued to him by appellee company. He had used such tickets before, and had never been asked to exhibit his mileage book. He did not understand the stipulation on the back of the book requiring it to be presented in connection with an exchange ticket. He was then and there identified with such reasonable certainty as should have been to the entire satisfaction of the auditor. In addition to all this, the mileage book cover was taken from appellant by an agent of appellee company, who gave appellant no notice that another agent of the company would likely demand an exhibition thereof. When appellant was forcibly ejected from appellee's train by two of its agents for the failure to have in his possession and produce the mileage book cover, this very thing was in the possession of appellee.

The facts in this case are not controverted. The only testimony is that given by appellant. The auditor's conduct in refusing to accept the reasonable explanation made by appellant was arbitrary, willful, and oppressive. He evinced an entire disregard of appellants rights. The evidence shows this to be a proper case for punitive damages. *Railroad Co.* v. *Holmes,* 75 Miss. 371, 23 So. 187; *I. C. R. R.* v. *Harper,* 83 Miss. 570, 35 So. 764, 64 L. R. A. 283, 102 Am. St. Rep. 469; *I. C. R. R.* v. *Gortikov,* 90 Miss. 787, 45 So. 363, 14 L. R. A. (N. S.), 464, 122 Am. St. Rep. 324; *I. C. R. R.* v. *Reid,* 93 Miss. 458, 46 So. 146, 17 L. R. A. (N. S.), 344.

*Reversed and remanded.*